```
             UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF INDIANA
                  SOUTH BEND DIVISION
```

GEORGE EDWARD SISK,           )
                              )
            Petitioner,       )
                              )     CAUSE NO. 3:16-CV-661 RL
       vs.                    )
                              )
SUPERINTENDENT,               )
                              )
            Respondent.       )

## OPINION AND ORDER

George Edward Sisk, a *pro se* prisoner, is challenging the prison disciplinary hearing that was held at the Indiana State Prison on June 23, 2016, under case number ISP 16-06-203 where the Disciplinary Hearing Body ("DHB") found him guilty of Possession or Use of a Controlled Substance in violation of B-202 and sanctioned him with the loss of 60 days earned credit time.

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974).

-1-

To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Upon review of the record, Sisk received advance written notice of the charges. (DE #1-1 at 3.) He also had an opportunity to be heard (*Id.* at 4), and an opportunity to call witnesses and present evidence (*Id.* at 3). In addition, he was provided a written statement (*Id.* at 4) by a fact-finder that was supported by some evidence; Sisk pled guilty to the offense.

Nevertheless, Sisk argues that despite having pled guilty, the finding of guilt should be overturned because after the hearing, he was sanctioned with a loss of visitation privileges, placed in segregation and required to take a follow-up drug screening. However, claims regarding these sanctions do not support habeas relief. Federal habeas corpus relief is only available to challenge the duration of Sisk's custody. Disciplinary segregation and loss of privileges affect the "severity" rather than the "duration" of custody. *Montgomery v. Anderson*, 262 F.3d 641, 643 (7th Cir. 2001). Thus, this claim provides not basis for granting habeas relief.

Sisk also complains that the Indiana Department of Correction policies and state laws were not followed in handing down the sanctions. However, even if internal rules or policies or even state law was violated, this would not entitle Sisk to federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)

(habeas relief is only available for a violation of the U.S. Constitution or other federal laws); *Hester v. McBride*, 966 F. Supp. 765, 775 (N.D. Ind. 1997) (violation of prison policy in disciplinary proceeding could not support grant of habeas relief, since federal habeas court "does not sit to correct any errors of state law"). Sisk also complains that the hearing officer did not check his mental heath code, but *Wolff* does not require consideration of mental health status as part of prison disciplinary hearings. *Wolff* "represents a balance of interests that should not be further adjusted in favor of prisoners." *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). And, as a final matter, there is nothing in the record to establish that Sisk's mental health issues played any role in this incident nor did it violate Sisk's due process associated with the hearing. Thus, this claim does not provide a basis for granting habeas relief either.

  Not only is there sufficient evidence to find Sisk guilty of the charged offense, but there has been no showing that he was deprived any due process along the way.  Based on the record, there is sufficient evidence to find Sisk guilty of use or possession of a controlled substance, a Class B offense 202, and Sisk has not made a showing that his due process rights have been violated.

For the foregoing reasons, the amended habeas corpus petition (DE #19) is **DENIED** pursuant to Habeas Corpus Rule 4.


**DATED: April 5, 2017**                              **/s/ RUDY LOZANO, Judge**
                                                      **United States District Court**